IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, and HOWARD McDOUGALL, trustee,<br><br>    Plaintiffs,<br><br>v.<br><br>MBC HOLDINGS, INC., an Ohio corporation, BO-DEE PROPERTIES, an Ohio corporation, CARDINAL AGGREGATES, INC., an Ohio corporation, DEWITT RESTEEL, INC., an Ohio corporation, HARPER STRUCTURES, INC., an Ohio corporation, HILLSDALE SAND & GRAVEL, INC., a Michigan corporation, K. WEST DEVELOPMENT, LLC, an Ohio limited liability company, K. WEST GROUP, LLC, an Ohio limited liability company, MELCO, INC., an Ohio corporation, MILLER BROS. CONSTRUCTION, INC., an Ohio corporation, MILLER BROS. PAVING, INC., an Ohio corporation, MILLER IRON, INC., an Ohio corporation, MILROAD EQUIPMENT, INC., an Ohio corporation, SAWYER RESTEEL, INC., an Ohio corporation, WYMER STEEL, INC., an Ohio corporation,<br><br>    Defendants. | Case No.<br><br>Honorable<br>District Judge<br><br>FILED: AUGUST 13, 2008<br>08CV4583<br>JUDGE DER-YEGHIAYAN<br>MAGISTRATE JUDGE NOLAN<br>JFB |

## COMPLAINT

Plaintiffs the Central States, Southeast and Southwest Areas Pension Fund and Howard McDougall, Trustee, for their cause of action against Defendants MBC Holdings, Inc., an Ohio corporation ("MBC Holdings"); Bo-Dee Properties, an Ohio corporation ("Bo-Dee"); Cardinal Aggregates, Inc., an Ohio corporation ("Cardinal"); Dewitt Resteel, Inc., an

Ohio corporation ("Dewitt"); Harper Structures, Inc., an Ohio corporation ("Harper"); Hillsdale Sand & Gravel, Inc., a Michigan corporation ("Hillsdale"); K.West Development, LLC, an Ohio limited liability company ("K.West Development"); K.West Group, LLC, an Ohio limited liability company ("K.West Group"); Melco, Inc., an Ohio corporation ("Melco"); Miller Bros. Construction, Inc., an Ohio corporation ("Miller Construction"); Miller Bros. Paving, Inc., an Ohio corporation ("Miller Paving"); Miller Iron, Inc., an Ohio corporation ("Miller Iron"); Milroad Equipment, Inc., an Ohio corporation ("Milroad"); Sawyer Resteel, Inc., an Ohio corporation ("Sawyer"); Wymer Steel, Inc., an Ohio corporation ("Wymer"), allege as follows:

## COUNT I -
## 2005 PARTIAL WITHDRAWAL LIABILITY

### JURISDICTION AND VENUE

1.   This is an action for collection of withdrawal liability, interest, and penalties incurred by an employer as a result of a partial withdrawal from the Pension Fund.

2.   This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA") as amended by the Multiemployer Pension Plan Amendments Act of 1980 (the "MPPAA"), 29 U.S.C. § 101, et seq. (1982). This court has jurisdiction over this action under ERISA Sections 502(e), 502(f), and 4301(c), 29 U.S.C. §§ 1132(e), 1132(f), and 1451(c).

3.   Venue is proper in this district under ERISA Sections 502(e)(2) and 4301(d), 29 U.S.C. §§ 1132(e)(2) and 1451(d) because the Pension Fund is administered at its principal place of business located in Rosemont, Cook County, Illinois. Venue in this district is also proper under the Pension Fund Trust Agreement.

## PARTIES

4.     Plaintiff the Central States, Southeast and Southwest Areas Pension Fund (the "Pension Fund") is a multiemployer pension plan within the meaning of ERISA Sections 3(37) and 4001(a)(3), 29 U.S.C. §§ 1002(37) and 1301(a)(3), and an employee benefit plan within the meaning of ERISA Section 3(3), 29 U.S.C. § 1002(3).

5.     Plaintiff Howard McDougall is a trustee and fiduciary of the Pension Fund within the meaning of ERISA Section 3(21)(A), 29 U.S.C. § 1002(21)(A), and he and his fellow trustees are collectively the plan sponsor of the Pension Fund within the meaning of ERISA Section 4001(a)(10)(A), 29 U.S.C. § 1301(a)(10)(A).  The Trustees administer the Pension Fund at 9377 West Higgins Road, Rosemont, Cook County, Illinois 60018.

6.     Pursuant to ERISA Sections 502(a)(3) and 4301(a)(1), 29 U.S.C. §§ 1132(a)(3) and 1451(a)(1), the Trustees, by and through Howard McDougall, are authorized to bring this action on behalf of the Pension Fund, its participants and beneficiaries for the purpose of collecting withdrawal liability.

7.     Defendant MBC Holdings is an Ohio corporation with its principal place of business in the State of Ohio.  MBC Holdings is an "employer" and a "party-in-interest" as those terms are defined in ERISA Sections 3(5) and 3(14)(c), 29 U.S.C. §§ 1002(5) and 1002(14)(c).

8.     Defendant Bo-Dee is an Ohio corporation with its principal place of business in the State of Ohio.

9.     Defendant Cardinal is an Ohio corporation with its principal place of business in the State of Ohio.

10.     Defendant Dewitt is an Ohio corporation with its principal place of business

in the State of Ohio.

11.　　Defendant Harper is an Ohio corporation with its principal place of business in the State of Ohio.

12.　　Defendant Hillsdale is a Michigan corporation with its principal place of business in the State of Michigan.

13.　　Defendant K.West Development is an Ohio limited liability company with its principal place of business in the State of Ohio.

14.　　Defendant K.West Group is an Ohio limited liability company with its principal place of business in the State of Ohio.

15.　　Defendant Melco is an Ohio corporation with its principal place of business in the State of Ohio.

16.　　Defendant Miller Construction is an Ohio corporation with its principal place of business in the State of Ohio. Miller Construction is an "employer" and a "party-in-interest" as those terms are defined in ERISA Sections 3(5) and 3(14)(c), 29 U.S.C. §§ 1002(5) and 1002(14)(c).

17.　　Defendant Miller Paving is an Ohio corporation with its principal place of business in the State of Ohio.

18.　　Defendant Miller Iron is an Ohio corporation with its principal place of business in the State of Ohio.

19.　　Defendant Milroad is an Ohio corporation with its principal place of business in the State of Ohio.

20.　　Defendant Sawyer is an Ohio corporation with its principal place of business in the State of Ohio.

21. Defendant Wymer is an Ohio corporation with its principal place of business in the State of Ohio.

## CLAIM FOR RELIEF

22. Harper, Melco, Miller Construction, and Miller Paving were subject to collective bargaining agreements executed between them and various local unions affiliated with the International Brotherhood of Teamsters ("IBT") under which it was required to make contributions to the Pension Fund on behalf of certain of its employees.

23. Upon information and belief, as of December 31, 2005, Dean Miller, Diane Miller, Robert Miller, and Barbara Miller directly or indirectly owned or controlled one hundred percent (100%) of each Defendant.

24. On December 31, 2005, MBC Holdings, Bo-Dee, Cardinal, Dewitt, Harper, Hillsdale, K.West Development, K.West Group, Melco, Miller Construction, Miller Paving, Miller Iron, Milroad, Sawyer, Wymer, and all other trades or businesses under common control with them (the "MBC Holdings Controlled Group") constituted a single employer within the meaning of Section 4001(b)(1) of ERISA, 29 U.S.C. § 1301(b)(1), and the regulations promulgated thereunder.

25. The MBC Holdings Controlled Group is the employer for purposes of the determination and assessment of withdrawal liability under Title IV of ERISA.

26. As a result of a decline in MBC Holdings Controlled Group's contributions to the Pension Fund, the Pension Fund determined that on December 31, 2005, the MBC Holdings Controlled Group effected a "partial withdrawal" from the Pension Fund as defined in ERISA Section 4205(a)(1), 29 U.S.C. § 1385(a)(1) ("2005 Partial Withdrawal").

27. As a result of the 2005 Partial Withdrawal, the MBC Holdings Controlled

Group incurred withdrawal liability to the Pension Fund in the amount of $508,597.91 as determined under ERISA Section 4201(b), 29 U.S.C. § 1381(b).

28.   On July 20, 2007, the MBC Holdings Controlled Group, through MBC Holdings, received a notice and demand for payment of withdrawal liability issued by the Pension Fund in accordance with ERISA Sections 4202(2) and 4219(b)(1), 29 U.S.C. §§ 1382(2) and 1399(b)(1). The notice and attached invoice notified the MBC Holdings Controlled Group that it was required to discharge its liability in a lump sum or in 44 monthly payments of $12,847.77 commencing on August 1, 2007 and a final payment of $1,396.06 due on April 1, 2011.

29.   The MBC Holdings Controlled Group made the monthly payments for the months of August 2007 through April 2008 in the total principal amount of $114,892.32 but since May 2008, the MBC Holdings Controlled Group has not made any further monthly payments.

30.   On May 20, 2008, the MBC Holdings Controlled Group received a notice from the Pension Fund that its withdrawal liability payments were past due and which forewarned the MBC Holdings Controlled Group of the consequences of its failure to pay such liability pursuant to ERISA Section 4219(c)(5)(A), 29 U.S.C. § 1399(c)(5)(A).

31.   The MBC Holdings Controlled Group did not timely initiate arbitration pursuant to ERISA Section 4221(a)(1), 29 U.S.C. § 1401(a)(1). Consequently, the amount demanded by the Pension Fund is due and owing pursuant to ERISA Section 4221(b)(1), 29 U.S.C. § 1401(b)(1).

32.   Since May 2008, the MBC Holdings Controlled Group has failed to remit any withdrawal liability payments with respect to the 2005 Partial Withdrawal to the Pension

Fund and is in default within the meaning of ERISA Section 4219(c)(5), 29 U.S.C. § 1399(c)(5).

33.　Consequently, the amount demanded by the Pension Fund is due and owing pursuant to Section 4221(b)(1) of ERISA, 29 U.S.C. § 1401(b)(1) and the MBC Holdings Controlled Group is liable for the 2005 Partial Withdrawal liability in the amount of $393,705.59.

**WHEREFORE,** Plaintiffs the Central States, Southeast and Southwest Areas Pension Fund and Howard McDougall request the following relief:

A.　A judgment against Defendants and on behalf of Plaintiffs, pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g)(2), for:

(1)　withdrawal liability in the amount of $393,705.59;

(2)　interest on the entire amount of the withdrawal liability assessment computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which the interest is charged;

(3)　an amount equal to the greater of the interest on the withdrawal liability or liquidated damages of twenty percent (20%) of the unpaid withdrawal liability; and

(4)　attorneys' fees and costs.

B.　Post-judgment interest computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which the interest is charged and shall be compounded annually; and

C.　For such further or different relief as this Court may deem proper and just.

## COUNT II -
## 2006 PARTIAL WITHDRAWAL LIABILITY

### JURISDICTION AND VENUE

34.  Plaintiffs reallege paragraphs 1-22 of Count I as and for paragraph 34 of Count II of this Complaint.

35.  As of December 31, 2006, Dean Miller, Diane Miller, Robert Miller, and Barbara Miller directly or indirectly owned one hundred percent (100%) of each Defendant.

36.  On December 31, 2006, MBC Holdings, Bo-Dee, Cardinal, Dewitt, Harper, Hillsdale, K.West Development, K.West Group, Melco, Miller Construction, Miller Paving, Miller Iron, Milroad, Sawyer, Wymer, and all other trades or businesses under common control with them (the "MBC Holdings Controlled Group") constituted a single employer within the meaning of Section 4001(b)(1) of ERISA, 29 U.S.C. § 1301(b)(1), and the regulations promulgated thereunder.

37.  The MBC Holdings Controlled Group is the employer for purposes of the determination and assessment of withdrawal liability under Title IV of ERISA.

38.  As a result of a decline in MBC Holdings Controlled Group's contributions to the Pension Fund, the Pension Fund determined that on December 31, 2006, the MBC Holdings Controlled Group effected a "partial withdrawal" from the Pension Fund as defined in ERISA Section 4205(a)(1), 29 U.S.C. § 1385(a)(1) ("2006 Partial Withdrawal").

39.  As a result of the 2006 Partial Withdrawal, the MBC Holdings Controlled Group incurred withdrawal liability to the Pension Fund in the amount of $92,368.82 as determined under ERISA Section 4201(b), 29 U.S.C. § 1381(b).

40.  On March 28, 2008, the MBC Holdings Controlled Group, through MBC

Holdings, received a notice and demand for payment of 2006 Partial Withdrawal liability issued by the Pension Fund in accordance with ERISA Sections 4202(2) and 4219(b)(1), 29 U.S.C. §§ 1382(2) and 1399(b)(1).  The notice and attached invoice notified the MBC Holdings Controlled Group that it was required to discharge its liability in a lump sum or in 7 monthly payments of $12,586.68 commencing on May 1, 2008 and a final payment of $4,774.34 due on December 1, 2008.

      41.     On May 20, 2008, the MBC Holdings Controlled Group received a notice from the Pension Fund that its withdrawal liability payments were past due and which forewarned the MBC Holdings Controlled Group of the consequences of its failure to pay such liability pursuant to ERISA Section 4219(c)(5)(A), 29 U.S.C. § 1399(c)(5)(A).

      42.     The MBC Holdings Controlled Group did not timely initiate arbitration pursuant to ERISA Section 4221(a)(1), 29 U.S.C. § 1401(a)(1).  Consequently, the amount demanded by the Pension Fund is due and owing pursuant to ERISA Section 4221(b)(1), 29 U.S.C. § 1401(b)(1).

      43.     The MBC Holdings Controlled Group has failed to remit any withdrawal liability payments with respect to the 2006 Partial Withdrawal to the Pension Fund and is in default within the meaning of ERISA Section 4219(c)(5), 29 U.S.C. § 1399(c)(5).

      44.     Consequently, the amount demanded by the Pension Fund is due and owing pursuant to Section 4221(b)(1) of ERISA, 29 U.S.C. § 1401(b)(1) and the MBC Holdings Controlled Group is liable for the 2006 Partial Withdrawal liability in the amount of $92,368.82.

      **WHEREFORE,** Plaintiffs the Central States, Southeast and Southwest Areas Pension Fund and Howard McDougall request the following relief:

A. A judgment against Defendants and on behalf of Plaintiffs, pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g)(2), for:

(1) withdrawal liability in the amount of $92,368.82;

(2) interest on the entire amount of the withdrawal liability assessment computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which the interest is charged;

(3) an amount equal to the greater of the interest on the withdrawal liability or liquidated damages of twenty percent (20%) of the unpaid withdrawal liability; and

(4) attorneys' fees and costs.

B. Post-judgment interest computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which the interest is charged and shall be compounded annually; and

C. For such further or different relief as this Court may deem proper and just.

Respectfully submitted,

/s/Anthony E. Napoli
Anthony E. Napoli (ARDC #6210910)
Attorney for Plaintiffs
Central States, Southeast and
Southwest Areas Pension Fund
9377 W. Higgins Road
Rosemont, Illinois  60018-4938
Phone: (847) 518-9800, Ext. 3702
Fax: (847) 518-9797
Email: tnapoli@centralstatesfunds.org